CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 2 6 2006

JOHN F. CORCORAN, CLERK
BY:
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MICHAEL RAY JACOBS, ) | |
|     Plaintiff, ) | Civil Action No. 85-cv-00077-L |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| EDWARD MURRAY, et. al., ) | By: Hon. James C. Turk |
|     Defendants. ) | Senior United States District Judge |

Plaintiff Michael Ray Jacobs, a Virginia inmate proceeding pro se, submitted a motion in early March 2006 to compel defendants to comply with a purported settlement agreement in this old case regarding his practice of the Jewish faith. In later pleadings, Jacobs further defined the conditions of the supposed agreement and demanded sanctions against defendants for violating its terms. He did not, however, provide the correct case number or a copy of the settlement agreement. After several unsuccessful attempts, the court finally located and received the archived file. From review of the record, it is clear that Jacobs made material misrepresentations to the court about his involvement in this case and that his pending motions are properly dismissed as frivolous, pursuant to 28 U.S.C. § 1915A(b)(1).

I.

Jacobs filed a motion to compel in March 2006, claiming that an April 6, 1986, order in Civil Action No. 84-0077-L required prison officials to practice a kosher diet and other aspects of his Jewish faith. He then filed a motion for judgment as a matter of law, a motion for enforcement of order, and a motion for preliminary injunction, expanding on his claims. Jacobs asserted that on June 10, 1986, he filed a motion for partial summary judgment pursuant to a settlement agreement in which prison officials specifically agreed that Jacobs could receive a kosher diet, possess religious

1

texts, possess religious objects, meet with other Jewish inmates at least twice per week in organized worship, observe Jewish holidays, order special food items from an approved Jewish vendor, and wear a beard. According to Jacobs, the settlement agreement is binding on current prison officials and sought a court order directing them to provide Jacobs with the privileges and items specified in the agreement. He also moved for sanctions.

The court could not address plaintiff's motions without a copy of the purported settlement agreement, and it was no easy task to locate the twenty-year-old file. Court records reflected that Jacobs was not a party to Civil Action 84-77, the case number he cited. From old docket sheets, the court determined that the actual number given to the prisoner complaint Jacobs described was 85-77-L. This case involved a § 1983 complaint filed by Jacobs and two other inmates, and the docket sheet reflected that Jacobs moved for partial summary judgment in June 1986. All the court's files from 1984 to 1986 were long ago sent to an out-of-state archives facility, and attempts to locate the file were unsuccessful for several months. Clerk's office staff ultimately located and retrieved the entire file, however, in mid-June 2006.

The file records development of the case as follows. Jacobs and other inmates at Buckingham Correctional Center ("Buckingham") signed and dated their § 1983 complaint in late April 1985. They stated that they were of the Jewish faith and sought to receive a kosher diet in keeping with their religious beliefs. Defendants filed a motion for summary judgment, plaintiffs responded, and the court set the matter for a hearing. On April 9, 1986, the parties agreed to continue the hearing so that a committee could prepare and submit "recommendations regarding the issue of reasonable accommodation for the religious dietary needs of Jewish inmates at Buckingham" that would also be "consistent with the administration and security needs" of the institution. On June

2

10, 1986, Jacobs filed a motion for partial summary judgment and asked to be withdrawn as a plaintiff in the case. He stated in the motion:

> Jacobs makes this decision on his own behalf, and cites as cause the fact that he no longer follows the precepts of the Jewish religion, therefore, he no longer desires a Kosher diet.

He also filed a motion on behalf of the other plaintiffs, asking that the style of the case, <u>Jacobs v. Murray</u>, be changed to name one of the other plaintiffs, Michael Katz, as the lead plaintiff. The court granted both of these motions by order dated June 18, 1986. The other plaintiffs went to trial, and a jury found for the defendants. The final order in the case in May 1997 recognized the kosher diet committee's recommendations, but stated that "if plaintiffs perceive that the diet they receive is in violation of their First Amendment rights, they may again file a suit in this court seeking appropriate relief." In June 1987, Jacobs moved for reversal of the order dismissing him from the case and sought to be reinstated as a party so that he could participate in an appeal. He stated that he had conferred with his Rabbi and was experiencing a "greater committment [sic] to his religious beliefs than before." The court denied this motion for reinstatement without comment.

II.

A complaint filed in a civil action by an inmate seeking redress from an "officer or employee of a governmental entity" may be dismissed under § 1915A(b)(1) as "frivolous, malicious or fails to state a claim upon which relief may be granted." A claim having no arguable basis in fact or law may be dismissed as frivolous. <u>Neitzke v. Williams</u>, 490 U.S. 319, 328 (1989). It is clear from the record that all of Jacobs's pending motions fall in this category and must be dismissed as frivolous.

First, the record does not reflect that any enforceable settlement agreement was entered between the parties in this case. Plaintiffs elected to proceed to a jury trial and lost. Although prison

3

officials agreed to make a kosher diet available for Jewish inmates at Buckingham, pursuant to the committee's recommendations, this agreement was not a settlement order that plaintiffs or any other Jewish inmate could now enforce as a means of receiving a kosher diet. The final order of the court in Case No. 85-77-L clearly indicated that inmates who believed that their religious dietary needs were not being met would need to file a new and separate civil action, addressing this issue.

Second, the record proves that the claims Jacobs raises in his pleadings are utterly frivolous, as they have no basis in fact or law. In his motions, he claims to have dismissed his lawsuit, pursuant to a settlement order whereby prison officials agreed to provide him with a kosher diet and allow him to wear a beard, have group worship services, and possess other religious items. Contrary to his assertions, however, Jacobs did not withdraw from the lawsuit because the defendants promised to accommodate his Jewish religious beliefs in specific ways. Instead, Jacobs withdrew from the case in June 1986 on his own motion, stating that he was no longer Jewish and no longer required a kosher diet. As the purported settlement agreement did not exist, Jacobs's attempts to enforce that settlement have no basis in fact or law. Therefore, the court will dismiss all of his motions as frivolous, pursuant to § 1915A. Furthermore, the dismissal of this frivolous, civil enforcement action will count as a "strike" against him for purposes of 28 U.S.C. § 1915(g). An appropriate order shall be issued this day.

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5). The cost for an appeal is now $455.00.

The Clerk is directed to send certified copies of this memorandum opinion and accompanying

4

Case 7:85-cv-00077-JCT-gc   Document 30   Filed 06/26/06   Page 4 of 5   Pageid#: 66

order to plaintiff and to counsel of record for the defendants.

ENTER: This 26th day of June, 2006.

/s/ James C. Turk
Senior United States District Judge

5